No. 05-466

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 207N

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

JAMES A. BUSH,

        Defendant and Appellant.

APPEAL FROM: The District Court of the Seventeenth Judicial District,
In and For the County of Valley, Cause No. DC 04-010,
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Peter L. Helland, Helland Law Firm PLLC, Glasgow, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Jim Wheelis,
Assistant Attorney General, Helena, Montana

        Kenneth L. Oster, County Attorney, Glasgow, Montana

Submitted on Briefs: July 19, 2006

Decided: August 29, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On March 25, 2004, a confidential informant contacted Sergeant Dave Watson and Officer Rod Dees of the Glasgow Police Department and told them that he had just come from a house where the defendant, James A. Bush, was in the process of making methamphetamine. The informant told officers that he had been invited by Bush to return later to Bush's home to buy the drug. Before the informant returned to Bush's residence to complete the drug sale, law enforcement wired the informant with a hidden audio/video recording device. After the informant's video showed Bush making methamphetamine in his bathroom, law enforcement applied for and received a search warrant for Bush's residence. Execution of the search warrant led to the discovery of methamphetamine production in Bush's home.

¶3 The State charged Bush with criminal production or manufacture of dangerous drugs, criminal possession with intent to distribute, criminal distribution of dangerous drugs, and criminal possession of dangerous drugs. Bush pled not guilty and subsequently moved to suppress evidence seized pursuant to the search warrant,

2

contending that his constitutional rights were violated because the informant entered his residence without first obtaining consent for his entry. The District Court denied Bush's motion to suppress, noting that while the evidence on the matter of consent conflicted, the more credible evidence showed that Bush met the informant near the door and directed him toward the area of the residence where methamphetamine was being produced. Bush subsequently pled guilty to criminal production or manufacture of dangerous drugs and criminal possession with intent to distribute, reserving the right to appeal the District Court's ruling on his motion to suppress.

¶4 On appeal, Bush contends that the District Court misapprehended the evidence regarding consent to enter Bush's home given that the audio/video recording does not indicate that Bush told the informant to "come in." Bush argues that if he had invited the informant to enter his home, such an invitation should have been audible on the recording. Since the words "come in" are not audible, Bush insists that the District Court made an erroneous finding that the informant had consent to enter Bush's residence.

¶5 In denying the motion to suppress, the District Court provided the following reasoning:

> The actions of the Defendant are consistent with consent for [the informant] to enter the residence. The door to Defendant's residence [was] left ajar. Previously, Defendant told [the informant] to come back "a few hours later" to obtain methamphetamine. When [the informant] return[ed], Defendant [did] not tell him to leave. Rather, the more credible evidence shows that Defendant met [the informant] near the door and direct[ed] him to the bedroom of the residence, the area of the house where methamphetamine [was] being produced.

3

The failure of the recording to reflect the "come in" remark does not mean this invitation to enter was never given. Rather, it can be attributed to the location of Defendant at the time he made that inviting remark and the limitations of the hidden recording device.

¶6 It is not this Court's function on appeal to reweigh conflicting evidence or substitute our evaluation of the evidence for that of the district court. In cases in which the district court must resolve conflicting testimony, if substantial evidence supports the district court's factual findings, then such findings are not clearly erroneous. We defer to the district court in cases in which conflicting testimony is presented because we recognize that the court had the benefit of observing the demeanor of witnesses and rendering a determination of the credibility of those witnesses. *State v. Wetzel*, 2005 MT 154, ¶ 11, 327 Mont. 413, ¶ 11, 114 P.3d 269, ¶ 11.

¶7 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence and there was clearly no abuse of discretion by the District Court.

¶8 We affirm the judgment of the District Court.

/S/ W. WILLIAM LEAPHART

4

We concur:


/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JAMES C. NELSON